WADE *et al.*, Plaintiffs in Error, v. McMILLEN, *et al.*, Defendants in Error.

1. A complaint in an action of forcible entry and detainer—which charges that the plaintiff was "lawfully possessed" of the premises in controversy, that the defendant "unlawfully entered and detained the same," and was thereby guilty of a forcible entry and detainer—is good.

*Error to Hannibal Court of Common Pleas.*

This was an action for a forcible entry and detainer. The complaint is substantially as follows: "The plaintiffs complain and say that heretofore, to-wit, on, &c., at, &c., they were lawfully possessed and entitled to the possession of" certain premises [describing them]; "that being so lawfully possessed as aforesaid, the defendants, on, &c., at, &c., unlawfully entered upon said lands and tenements, and detained and held possession, and still detain and hold unlawfully the possession of said lands and tenements against them, the said plaintiffs, although possession of said premises had been demanded of said defendants; and therefore said plaintiffs · say the said defendants are guilty of forcible entry and detainer, against and contrary to the statutes in such cases made and provided."

At the trial, it appeared in evidence that one Cameron was the agent of the plaintiffs; that he had possession of the premises for plaintiffs from 1849 to 1854; that in April, 1854, one Barrow, who had rented the premises of Cameron, surrendered possession to him; that he, Cameron, fastened the doors and windows, and employed one French to sleep in the house until he could rent the premises; that defendant McMillen demanded possession of French, threatening him with a law suit and heavy costs; that French left

and McMillen went into possession. There was evidence tending to show that French gave up the possession voluntarily to McMillen. Cameron demanded possession of the premises, but was refused. There was no evidence tending to show that he gave notice in writing. The court gave the following instruction for defendants : "1. Unless the jury find from the evidence that after the time of the alleged unlawful entry by said defendant, and before this suit was instituted, the plaintiff made a demand for the deliverance of the possession of said premises in writing on said defendant, and said defendant refused after such demand so made in writing to deliver possession, the jury will find for the defendants." The court refused to permit plaintiffs to amend their complaint by inserting therein that "defendants entered the premises and forcibly and unlawfully detained the same."

The jury found a verdict for defendants.

*Henderson*, for plaintiffs in error.

I. The instruction was erroneous. The complaint is good. It contains every allegation that the plaintiffs were bound to prove to entitle them to a verdict for a forcible entry and detainer. (R. C. 1845, p. 515, §16; Ish v. Chilton, 26 Mo. 256 ; 26 Mo. 580, 487; 24 Mo. 107; 14 Mo. 17; 11 Mo. 354.) No notice was necessary in the case. The facts show an intrusion upon a lawful possession against the will of plaintiffs. The plaintiff's agent was driven off by threats of a prosecution and damages. The case went to the jury upon an improper theory. Whether the facts proved constitute a forcible entry and detainer is a question of fact for the jury.

*Porter & Harrison*, for defendants in error.

NAPTON, Judge, delivered the opinion of the court.

The complaint in this case follows the precise language of the sixteenth section of the act concerning forcible entry and detainer. It charges that the plaintiffs were lawfully possessed of the premises described, and that the defendants

unlawfully entered into and detained the same, and were thereby guilty of a forcible entry and detainer. The sixteenth section declares that the only proof necessary to establish a forcible entry and detainer is, that the plaintiff was lawfully possessed of the premises, and that the defendant unlawfully entered and detained the same. The terms "lawfully" and "unlawfully" are not the most appropriate to convey the ideas intended, for the action does not contemplate any investigation into the merits of the title on either side. But as these terms are used in the statute, it would seem reasonable that their use in the complaint should not vitiate it. In truth, as the complaint in this case fully described the land and the person by whom the alleged illegal entry was made, and the time when it was done, and concluded with a charge against the defendants of forcible entry and detainer, it is not perceived how any one could be misled as to its purport. It appears to us to be substantially correct under the sixth section of the act.

The instruction given by the court in this case is obviously based upon the hypothesis that the action was not for forcible entry and detainer, but for an unlawful detainer ; and the instruction amounted to a direction that the plaintiffs could not recover on the evidence ; for there was no proof of any demand, and the whole testimony showed that the case was one of forcible entry and detainer, or that the plaintiffs had no case at all.

The real question in the case was, whether the possession was delivered up by French, plaintiff's agent, in consequence of threats or violence on the part of defendants, or was voluntarily surrendered. This fact, concerning which the evidence might have authorized an inference either way, was not passed upon nor submitted to the jury at all, as the instruction put the case entirely upon the question of notice, a matter entirely foreign to the case, treating it as an action for forcible entry and detainer.

Judge Ewing concurring, the judgment is reversed and the cause remanded. Judge Scott absent.